O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.T., ET AL., | Case No. CV 18-09749 DDP (JCx) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| REDONDO BEACH UNIFIED SCHOOL DISTRICT, ET AL., | |
| Defendants. | [Dkt.41] |

Presently before the court is Defendant Redondo Beach Unified School District ("RBUSD")'s Motion to Dismiss. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following Order.

I.  **Background**

Plaintiff C.T. is a minor residing within the city of Redondo Beach, California. (First Amended Complaint ("FAC") ¶ 4.) C.T. is a transgender boy whose birth certificate designates him as female. (FAC ¶ 14.) C.T.'s legally given name is also one typically considered female. (Id.) After being diagnosed with gender dysphoria, C.T. decided to begin living as a boy the summer after his sixth grade year. (FAC ¶ 24.) To facilitate that transition,

C.T. decided to enroll in a new middle school, where no students would know him as female.  (FAC ¶ 25.)

Officials at Adams Middle School, within the RBUSD, informed C.T. and his parents that although official school records would continue to reflect C.T.'s legal, traditionally female name, school staff would be able to address and refer to C.T. by his chosen name and male pronouns.  (FAC ¶¶ 27, 29.)  Nevertheless, on C.T.'s first day of school, and several times thereafter, one teacher repeatedly called C.T. by his legal, "female" name.  (FAC ¶¶ 32-33.)  Word of C.T.'s name and gender identity spread throughout the school, causing C.T. embarrassment and distress.  (FAC ¶ 34.)  Although C.T. complained to RBUSD officials, administrators refused to change C.T.'s name on attendance sheets, correspondence, and other materials or to take other corrective action, and singled C.T. out for discipline.  (FAC ¶¶ 35-41, 43-47.)

Plaintiffs' FAC alleges nine causes of action against Defendant RBUSD.  RBUSD now moves to dismiss the six causes of action premised upon state law.

## II.  Legal Standard

A sovereign immunity defense, such as that raised here by RBUSD, may be raised in a motion under either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6).  Sato v. Orange Cty. Dep't of Educ., 861 F.3d 923, 927 n.2 (9th Cir 2017).  A motion under Rule 12(b)(1) may challenge the court's jurisdiction facially, based on the legal sufficiency of the claim, or factually, based on the legal sufficiency of the jurisdictional facts.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)(citing 2 James Wm. Moore et al., Moore's Federal Practice 12.30[4], at 12-38 to 12-41 (3d

ed.1999)).  Where the motion attacks the complaint on its face, the court considers the complaint's allegations to be true, and draws all reasonable inferences in the plaintiff's favor.  <u>Doe v. Holy See</u>, 557 F.3d 1066, 1073 (9th Cir. 2009).

A complaint will survive a motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>,556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." <u>Id.</u> at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. <u>Id.</u> at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." <u>Id</u>. at 1950. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." <u>Twombly</u>, 550 U.S. at 555-56.  "Determining whether a complaint states a plausible claim

1  for relief" is "a context-specific task that requires the reviewing

2  court to draw on its judicial experience and common sense." Iqbal,

3  556 U.S. at 679.

4  **III. Discussion**

5      The Eleventh Amendment generally prohibits federal courts from

6  hearing suits brought by private citizens against state

7  governments, unless the state has consented to be sued. Sofamor

8  Danek Group, Inc. v. Brown, 124 F.3d 1179, 1183 (9th Cir. 1997).

9  That prohibition extends to suits against state agencies. Belanger

10 v. Madera Unified Sch. Dist., 963 F.2d 248, 250 (9th Cir. 1992).

11 It is undisputed that California school districts such as RBUSD are

12 state agencies for purposes of an Eleventh Amendment analysis. See

13 id. at 254. A state may, however, waive its Eleventh Amendment

14 immunity. Doe v. Regents of the University of California, 891 F.3d

15 1147, 1152 (9th Cir. 2018). Such consent to suit must be

16 unequivocal, but need not be explicit. Id.; Hill v. Blind Indus. &

17 Servs. of Maryland, 179 F.3d 754, 758 (9th Cir. 1999). A state

18 may, for example, waive sovereign immunity "by conduct that is

19 incompatible with an intent to preserve that immunity." Hill, 179

20 F.3d at 758. Here, Plaintiffs assert that California has consented

21 to be sued in federal court for five of the state law violations

22 asserted in the FAC.[1]  The court addresses each claim in turn.

23      A.   Right to Privacy

24      Plaintiffs' Fourth Cause of Action alleges that RBUSD violated

25 C.T.'s right to privacy under Article I, § 1 of the California

26

27      [1] Plaintiffs concede that the FAC's Sixth Cause of Action

28 under California Civil Code § 51 is barred.  That claim is
   dismissed as to RBUSD.

4

Constitution.  Section 1 reads, "All people are by nature free and
independent and have inalienable rights. Among these are enjoying
and defending life and liberty, acquiring, possessing, and
protecting property, and pursuing and obtaining safety, happiness,
and privacy."  Cal. Const. art. I, § 1.  California courts have
held that Article I, Section 1 of the California Constitution is
self-executing, and thus a private citizen may seek injunctive
relief if a public entity violates his or her right to privacy.
<u>Clausing v. San Francisco Unified Sch. Dist.</u>, 221 Cal. App. 3d
1224, 1238, (Cal. 1990).

     The nature of Plaintiffs' argument regarding Eleventh
Amendment immunity as it pertains to a privacy claim is not
entirely clear, as Plaintiffs mention neither sovereign immunity
nor the Eleventh Amendment.  Plaintiffs appear to suggest, however,
that RBUSD's motion to dismiss should be denied because some
federal courts have allowed plaintiffs to seek injunctive relief on
state constitution privacy claims.  The cases cited by Plaintiffs,
however, are inapt.  In <u>Federated Univ. Police Officers' Ass'n v.</u>
<u>Regents of Univ. of California</u>, No. SACV 15-00137-JLS, 2015 WL
13273308 (C.D. Cal. July 29, 2015), the court struck a request for
damages against a state agency, explaining that only injunctive
relief is available to a plaintiff alleging a violation of the
right to privacy.  <u>Federated Univ. Police</u>, 2015 WL 13273308 at *13.
The court in <u>Allen v. Cty. of Sonoma</u>, No. 17-CV-00448-YGR, 2017 WL
3593340, at *5 (N.D. Cal. Aug. 18, 2017) recognized the same
principle, and dismissed a damages claim with leave to amend to
allow plaintiff to bring an equitable claim.  Neither case,
however, discussed Eleventh Amendment sovereign immunity, and it is

unclear to this Court how Plaintiff's authorities could be read to
support the argument that California has unequivocally waived its
sovereign immunity with respect to privacy claims. Indeed, at
least one has court dismissed claims brought against a school
district under the California constitution, including a privacy
claim, on specific Eleventh Amendment grounds. C.N. v. Wolf, 410
F. Supp. 2d 894, 901 (C.D. Cal. 2005). This Court is aware of no
authority or state action suggesting that California has
unequivocally waived its sovereign immunity with respect to state
law privacy claims brought in federal court. Plaintiff's Fourth
Cause of Action against RBUSD is, therefore, dismissed.

    B.    California Education Code

    Plaintiffs' Fifth Cause of Action alleges violations of the
California Education Code. Plaintiffs argue that California has
waived sovereign immunity for certain California Education Code
claims because California Education Code § 201(g) states that the
education code should be interpreted as consistent with Title IX
of the Education Amendments of 1972, 20 U.S.C. Sec. 1681, et seq.,
and that the remedies provided by the education code "may be
combined with remedies that may be provided" by statutes such as
Title IX. Cal. Ed. Code § 201(g).

    Plaintiffs may seek damages in federal courts for Title IX
violations. See Franklin v. Gwinnett Cty. Pub. Sch., 503 U.S. 60,
71 (1992). California has waived its sovereign immunity with
respect to Title IX claims by accepting federal Title IX funds.
See Douglas v. California Dep't of Youth Auth., 271 F.3d 812, 819
(9th Cir. 2001); Doe v. Regents of the Univ. of California, No. 15-
CV-02478-SVW, 2015 WL 13755510, at *5 (C.D. Cal. Dec. 14, 2015);

Neal v. Bd. of Trustees of California State Univ., No.
CV-F-97-5009-REC, 1997 WL 1524813, at *7 (E.D. Cal. Dec. 26, 1997).
Plaintiffs' argument regarding waiver of sovereign immunity with
respect to education code claims, however, has no support.  The
case cited by Plaintiffs, Collins v. State of Alaska, 823 F.2d 329,
331 (9th Cir. 1987), does concern sovereign immunity, but only as
it pertains to whether Alaska was immune from a suit brought
against it by an injured seaman.  Looking to the statutory language
of California Education Code § 201(g), it is unclear to the court
why an interpretation of the education code consistent with Title
IX would require that plaintiffs be allowed to bring education code
claims against state agencies in federal court, or how a provision
allowing parties to seek both education code and Title IX remedies
can be read as unequivocal consent to suit in *federal* court.  "[A]
State does not consent to suit in federal court merely by
consenting to suit in the courts of its own creation."  Coll. Sav.
Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666,
676 (1999).  "[T]he mere mention of federal law is not equivalent
to express consent to suit in federal court."  Campbell v. Dep't of
Human Servs., 349 F. Supp. 3d 1019, 1025 (D. Haw. 2018) (citing
Demshki v. Monteith, 255 F.3d 986, 989 (9th Cir. 2001)).  Other
courts have recognized that the Eleventh Amendment bars education
code claims, including section 220 claims similar to the claims
here.  See, e.g., Earl v. Fresno Unified Sch. Dist., No.
11-CV-01568 LJO, 2011 WL 5241179, at *6 (E.D. Cal. Oct. 31, 2011).
Plaintiffs' Fifth Cause of Action is dismissed.

    C.   Tort Claims

1    Plaintiffs' Seventh, Eighth, and Ninth causes of action allege

2    tort claims against RBUSD.  Plaintiffs argue that "[v]icarious

3    liability of school districts is permitted" under California

4    Government Code section 815.2.  (Opposition at 13:14.)  Section

5    815.2 provides that a "public entity is liable for injury

6    proximately caused by an act or omission of an employee of the

7    public entity within the scope of his employment if the act or

8    omission would, apart from this section, have given rise to a cause

9    of action against that employee or his personal representative."

10   Defendant does not dispute that, under some circumstances, section

11   815.2 does allow a public entity to be held vicariously liable.  As

12   RBUSD points out, however, there is no authority for the

13   proposition that section 815.2 operates as a waiver of sovereign

14   immunity with respect to tort claims.  Several federal courts have

15   found state law claims against public entities, including tort

16   claims, barred by the Eleventh Amendment.  See, e.g., Peralta v.

17   California Franchise Tax Bd., 124 F. Supp. 3d 993, 998 (N.D. Cal.

18   2015); Steshenko v. Gayrard, 44 F. Supp. 3d 941, 951 (N.D. Cal.

19   2014).  Indeed, Plaintiffs themselves do not specifically argue

20   that California has waived its immunity with respect to tort

21   claims, limiting their argument to the uncontested, but irrelevant,

22   principle that the state can be vicariously liable for the acts of

23   its employees.  Plaintiffs' Seventh, Eighth, and Ninth Causes of

24   Action are, therefore, dismissed.

25   **IV.  Conclusion**

26       For the reasons stated above, Defendant RBUSD's motion to

27   dismiss is GRANTED.  Plaintiffs' Fourth, Fifth, Sixth, Seventh,

28

Eighth, and Ninth causes of action against RBUSD are DISMISSED, with prejudice.


IT IS SO ORDERED.



Dated: April 10, 2019

DEAN D. PREGERSON
United States District Judge